UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | Case No: CR 04-40187-MJJ(DLJ) |
|---|---|
| Plaintiffs, | **ORDER GRANTING DEFENDANT'S MOTION FOR A RETROACTIVE SENTENCE REDUCTION** |
| vs. | |
| MARVIN REED, | |
| Defendant. | |

On, October 30, 2009, the Court heard Defendant Marvin Reed's ("Reed") motion for a sentence reduction on the ground that his sentence was based on a guideline range applicable to his crack cocaine conviction, which the United States Sentencing Commission (the "Commission") has subsequently reduced.  The Government opposed Reed's motion, arguing that his sentence was based on a guideline range applicable to career criminals, and not his crack cocaine offense.  After reviewing the legal briefs, documents submitted, oral arguments, and applicable law, the Court GRANTS the motion.

**I.   BACKGROUND**

On February 24, 2006, Reed pled guilty to one count of possession of cocaine base ("crack cocaine") with intent to distribute in violation of 21 U.S.C. § 841(a)(1).  In this case the weight of the crack cocaine involved in the offense of conviction was undisputed, and was found by the sentencing court to be 219.6 grams.  As this weight of crack cocaine exceeds 50

grams it triggers a mandatory minimum sentence of 10 years in prison. As of the date of the sentence on September 8, 2006, this weight of crack cocaine established a Base Offense Level ("BOL") of 34 under the existing sentencing guideline as it is a weight between 150 and 500 grams. U.S.S.G. § 2D1.1. The court found that this BOL should be reduced by 3 levels because of the Acceptance of Responsibility by Reed within U.S.S.G. § 3E1.1. The court also found that the applicable Criminal History Category was III, based upon prior convictions aggregating 6 criminal history points. Calculating the sentencing guideline under these circumstances would result in a sentencing range of 135-168 months in prison. However, Reed's criminal history includes two separate prior drug trafficking convictions. Given that his present offense of conviction is a drug trafficking offense as well, Reed met the criteria for sentencing as a career offender under U.S.S.G § 4B1.1. Under these circumstances the applicable BOL is 37 and the Criminal History Category is automatically increased to VI. Again, allowing for Acceptance of Responsibility, the sentencing guideline range would now be 262-327 months in prison based upon a BOL of 34 and a criminal history category of VI. Following a full discussion of the possible guideline calculations under the Drug Trafficking guidelines of U.S.S.G § 2D1.1, the Career Criminal Guidelines of U.S.S.G. § 4B1.1, and the circumstances relevant to the purposes of sentencing as set forth in 18 U.S.C. § 3553(a), the court imposed a sentence of 151 months in prison. That sentence was not appealed and became final.

Reed now asks the Court to reduce his 151 month sentence based on the fact that the Commission has subsequently reduced the sentencing guidelines applicable to crack cocaine offenses, and has also made that reduction retroactively applicable to cases where the original sentence was based on the guidelines that have now been reduced. Reed argues that his original sentence was based on the sentencing range applicable to his crack cocaine offense, which has now been reduced. In opposition, the Government argues that the sentencing court actually based Reed's sentence on the guideline range applicable to career criminals, rather than the guidelines applicable to crack cocaine offenses. The issue in this case, therefore, is whether Reed's sentence was in fact based on the guideline range applicable to his crack cocaine offense, which the Commission has subsequently reduced, or was based on the guideline range applicable to career criminals, which the Commission has not reduced.

## II. APPLICABLE LAW

### A. Amendment to Crack Cocaine Sentencing Guidelines

On November 1, 2007, the Commission amended the sentencing guidelines for crack cocaine offenses by reducing the BOL for all crack cocaine offenses in order to address the sentencing disparities between crack and powder cocaine offenses. <u>United States v. Sipai</u>, 582 F.3d 994,996 (9th Cir. Sept. 24, 2009) (citing U.S.S.G. Amendment 706, 711). The sentencing reduction created by the Amendment is applicable only to cases where sentence is pending or is not yet final on appeal. On March 3,

2008, however, the Commission made the amendment to the crack cocaine guidelines retroactively applicable. Id. "'As a general matter, courts may not alter a term of imprisonment once it has been imposed'." United States v. Wesson, 583 F.3d 728, 730 (9th Cir. Oct. 2009) (quoting United States v. Hicks, 472 F.3d 1167, 1169 (9th Cir.2007)). "However, 18 U.S.C. § 3582(c)(2) creates an exception . . . by allowing modification of a term of imprisonment if: (1) the sentence is 'based on a sentencing range that has subsequently been lowered by the . . . Commission' and, (2) 'such a reduction is consistent with applicable policy statements issued by the . . . Commission'." Wesson, 583 F.3d at 730.

**B.    Career Criminal Cases**

The Ninth Circuit has already considered cases where offenders convicted of crack cocaine offenses, and thus subject to the 2D1.1 guidelines, also meet the criteria for sentencing as career criminals under the 4B1.1 guidelines, and now seek sentence reductions based on the Commission's amendments to the crack cocaine guidelines. In the Wesson case, the Court denied a sentence reduction sought by a crack cocaine offender because the offender had been actually sentenced as a career offender, holding that "a sentencing range calculated under U.S.S.G. § 4B1.1 because the defendant was a career offender cannot be 'based on' a . . . range calculated under § 2D1.1 . . . the two sentencing schemes are mutually exclusive." 583 F.3d at 728. Additionally, the decision in the recent Sipai case, also holds that offenders convicted of crack cocaine offenses subject to the Amended 2D1.1

-4-

guidelines cannot obtain sentence reductions based on the amended crack cocaine guidelines where they have been actually sentenced subject to the career criminal guideline of 4B1.1.  582 F.3d at 996.

Whether or not a convicted offender is to be treated as a career criminal for purposes of sentencing is a direct function of the criminal history of that offender.  Under the sentencing guidelines the criminal history status of an offender has always been subject to the rules for departures when the sentencing Court considers the impact of the offender's criminal history on the sentence to be imposed.  Under U.S.S.G. § 4A1.3 Courts are to consider whether there should be an upward or downward departure from the otherwise applicable criminal history status because it over-represents or under-represents the criminal history for the particular offender before the Court.  The Ninth Circuit has also held that this analysis applies to the criminal history predicate for career criminal status.  In United States v. Brown, 985 F.2d 478, 481 (9th Cir. 1993), the court held that "[t]he sentencing guidelines provide that the . . . court may depart downward if the . . . criminal history category '. . . over-represents the seriousness of a defendant's criminal history'.") (quoting U.S.S.G. § 4A1.1 (policy statement)).  "The fact that the guidelines place the defendant in [a] career offender category does not preclude the sentencing court from departing."  Brown, 985 F.2d at 478 (citing United States v. Lawrence, 916 F.2d 553, 555 (9th Cir. 1990)).

### C.   Sentencing Procedure

A district court is required to begin a sentencing proceeding by first calculating the applicable sentencing guideline range - determined by the base offense level and criminal history category - for the offense of conviction.  See United States v. Grissom, 525 F.3d 691, 696 (9th Cir. 2008).

In 2005, the United States Supreme Court decided that the U.S. Sentencing Guidelines were to be considered advisory rather than mandatory when considered by sentencing Federal Courts. United States v. Booker, 543 U.S. 220, 245 (2005).  Post-Booker, sentencing courts are required to calculate the applicable sentencing guideline for a defendant, and then to consider the calculation along with consideration of all other relevant offense and offender characteristics in light of the purposes of sentencing as set forth in 18 U.S.C. § 3553(a), and then impose a sentence which would be reasonable and sufficient, but not greater than necessary under the circumstances.  A sentence either above or below the guideline based upon a Booker 3553(a) analysis is generally known as a "variance."

When a defendant is convicted of an offense involving crack cocaine, the sentencing court will calculate the defendant's base sentence pursuant to U.S.S.G. § 2D1.1.  However, if the defendant also has a history of at least two prior criminal convictions for crimes of violence or drug trafficking, the court may sentence the defendant as a "career criminal" as opposed to someone who has only committed the underlying crack cocaine offense.  U.S.S.G. §

4B1.1.  If this occurs, the sentencing court would be basing the defendant's sentence on the guideline range applicable to career criminals, and not that which would be applicable to crack cocaine offenses.  As the Wesson case holds, these sentencing ranges are mutually exclusive.  583 F.3d at 728.

If the court determines that the defendant is eligible for career criminal status under § 4B1.1, it must "(1) automatically assign . . . a criminal history category of VI, and (2) recalculate the base offense level according to the length of the penalty for the conviction."  United States v. Reyes, 8 F.3d 1379, 1388 (9th Cir. 1993).  However, if the court decides that use of the defendant's criminal history as a predicate for career criminal status will over-represent that history under U.S.S.G 4A1.3, the court may "depart" down from the range applicable to career criminals and sentence the defendant using the range applicable to the underlying offense of conviction.

The approach used is particularly important when dealing with retroactive sentencing reduction issues involving crack cocaine offenses because it will determine the guideline range from which the sentencing court based the defendant's sentence.  In such a case, when a court "varies" down from the career criminal guidelines, it is still basing the defendant's sentence on the range applicable to career criminals, and not that, which is applicable to crack cocaine offenses.  Wesson, 583 F.3d at 730; United States v. Sipai, 582 F.3d 994, 995-96 (9th Cir. Sept. 24, 2009).

There is a second approach, however, when a court "departs" from the career criminal guidelines because use of a particular defendant's criminal history to create a career criminal status for that defendant will over-represent that criminal history.  In such a case, the defendant is not found to be a career criminal and the court will base the defendant's sentence on the guideline range applicable to the underlying crack cocaine offense, and not that which is applicable to career criminals.  United States v. McGee, 553 F.3d 225, 227 (2d Cir. Jan. 2009).

In a number of cases in other Circuits, courts have decided that, inasmuch as sentences in such cases are based upon the crack cocaine guidelines rather than the career criminal guidelines, a sentence reduction based upon the Commission's amendment of the crack cocaine guidelines is appropriate.  McGee at 229 (citing United States v. Poindexter, 550 F. Supp 2d 578, 580-81 (E.D.P.A. 2008); United States v. Ragland, 568 F. Supp. 2d. 19, 20 (D.D.C. 2008); United States v. Collier, No. 05-cr-313, 2008 WL 4204976, at *3 (E.D.M.O. 2008); United States v. Clark, No. 00-037, 2008 WL 2705215, at *1 (W.D.P.A. 2008); United States v. Cornish, No. 05-337, 2008 U.S. Dist. LEXIS 50577, at *7-8 (D.N.J. 2008); United States v. Nigatu, No. 00-18, 2008 WL 926561, at *1 (D. Minn. 2008); cf. United States v. Boyd, No. 01-29, 2008 WL 2537139, at *3 (W.D.P.A. 2008)).

The Ninth Circuit has not ruled on this issue directly, but has indicated that under the right circumstances, it would adopt

the Second Circuit's position with regard to the effect that a "departure" from the career criminal guidelines would have on the characterization of a defendant's sentence. In Wesson, the court noted that the district court did in fact calculate the starting point of the defendant's sentence pursuant to § 4B1.1 of the guidelines - career criminal guidelines - and not § 2D1.1 - guidelines applicable to crack cocaine offenses. 583 F.3d at 731-32. However, in dicta, it stated, "Had the district court concluded that Wesson's career offender status overstated the seriousness of his criminal history and adopted a sentencing range calculation premised on . . . § 2D1.1, our conclusion might be different." Id. at 732 (citing McGee, 553 F.3d at 227; Poindexter, 550 F. Supp. 2d at 580-81).

It is the task of this Court to make a factual finding as to which of the sentencing guidelines was used by the sentencing court in this case. This Court believes that the burden of proof is with the criminal defendant in this instance.

**III. DISCUSSION**

In this case the sentencing court could have arrived at a 151 month sentence after starting from one of two separate guidelines – 4B1.1 (applicable to career criminals) or 2D1.1 (applicable to crack cocaine traffickers).

Under U.S.S.G. § 4B1.1, the sentencing court could have decided that Reed met the criteria for sentencing as a career criminal putting him into a sentencing range of 262 to 327 months based on a BOL of 34 and a criminal history category of VI. Post

Booker, a sentencing court is not bound to sentence within the calculated range, but may impose a higher or lower sentence if such a sentence is believed to be reasonable.  In Reed's case, the sentencing court could have started with the 4B1.1 sentencing range and then imposed a lower sentence of 151 months by deciding that a variance was justified as reasonable and appropriate after considering the sentencing factors of 18 U.S.C. § 3353(a).

The sentencing court could have also decided that even though Reed met the criteria for sentencing as a career criminal, using his criminal history to satisfy the criminal history predicate for career criminal status would be an over-representation of his criminal history in light of U.S.S.G. § 4A1.3.  In that case, the sentencing court could decide that the necessary criminal history predicate has not been established, and that Reed was not a career criminal and should not be sentenced as such, but rather that he should be sentenced under the guideline range applicable to the underlying crack cocaine offense.  Reed's crack cocaine offense called for a sentencing range of 135 to 168 months in prison based on a BOL of 31 and a Criminal History Category of III.  Starting from that calculation, the sentencing Court could decide that no variance under 18 U.S.C. § 3553(a) was called for and that a mid-range 151 month sentence was reasonable and proper.

**IV.   SENTENCING OF REED**

Before Reed's sentencing hearing began on September 8, 2006, the sentencing court had been presented with different sentencing recommendations by the parties.  The Probation Pre-sentence Report

("PSR") had set forth a history of Reed's offense and offender characteristics, a guideline calculation under both 2D1.1 and 4B1.1, and then recommended that the court should sentence Reed, "without the career criminal enhancements" and impose a sentence of 135 months, which is the low end of the applicable non-career criminal guidelines.  The defense argued that Reed should not be sentenced as a career criminal, and that he should be sentenced to 135 months based upon the underlying crack cocaine guideline sentencing range of 135 to 168 months.  The Government argued that Reed should be sentenced under the career criminal guidelines but that a variance was warranted under § 3353(a).  The Government argued that the variance should be measured by reducing the applicable BOL to 32 and the criminal history category to V, producing a sentencing range of 188 to 235 months in prison, and impose a sentence of 188 months.  Notably, no-one argued that the defendant should be sentenced within the career criminal sentencing range of 262 to 327 months, and everyone argued that the sentence should be below that range.

   The Statement of Reasons filed with the Judgment in this case does not resolve the motion.  To begin, the reported guideline factors used for the sentence, reported in the Statement, were, BOL 35; Criminal History Category VI; and, a sentencing range of 295 to 365 months in prison.  This information is not correct and appears to reflect a time during the pre-trial negotiations in this case when the Government indicated it would not make a motion that would enable the Acceptance of Responsibility reduction to be

3 levels rather than 2 - a position subsequently modified to permit a 3 level reduction.

The box in the statement indicating that the sentence was within the advisory guideline range was checked.  The box in the departures section indicating that the sentence was below the advisory guideline range was checked, but no box was checked which would describe the type of departure.  Boxes indicating reasons for variances under 3553(a) were also checked.  Finally, the box indicating that the sentencing court adopted the Probation report without any change was checked.  In sum, these checks are inconsistent, they do not represent the court's thinking, and this Court will rely on the sentencing colloquy rather than the Statement of Reasons in considering this motion.

At the start of the sentencing hearing the sentencing court stated that "It is clear that based on 2D1.1C . . . and the amount of cocaine base . . . here, the offense level we start with is 34," and further, that "no one disputes that given Mr. Reed's prior criminal history . . . he is a career offender . . . under 4B1.1"

The PSR in this case showed that the most recent prior conviction used to establish the criminal history predicate for a career criminal status was a drug trafficking offense for the distribution of a single rock of crack cocaine, which had been sentenced more than 10 years before the sentencing hearing for the instant offense.  The issue of criminal history was discussed in the hearing and the sentencing court observed, "The prior offenses

which thrust [Reed] into the career offender guidelines, when compared with . . . the amount of contraband involved in those convictions, don't really support a range that high."  The court further observed that it did "agree with the Government that . . . based on [Reed's] record . . . and the factors under 3553, that a guideline sentence on the career offender numbers would not be reasonable," and that "probation has it right."  In discussing the Government's recommended sentence of 188 months, the court stated that it had to consider everything "in the context of whether [to] use as an advisory guideline the career offender guidelines or come off those."

Finally, the court indicated that it intended to impose a mid-range sentence of 151 months and stated that, "The sentence that I've indicated is one that's off the [career] offender guidelines."  "It's a mid-range sentence on a criminal history category three, offense level 31."  At that point defense counsel interjected, "that we're not in the range that we could be under career offender" to which the court replied, "No, I understand that."  The court finally closed the hearing by explaining Reed's rights to him and stating that it had "determined that a sentence of 151 months, which is the mid-range based on the offense level 31, criminal history category three, is the appropriate sentence . . . ."

This court is satisfied that this record shows that Reed's sentencing court based its sentence on the 2D1.1 guideline.  The discussion of the circumstances that the predicate prior

conviction is over 10 years old and that it involves a minor violation of the drug laws supports a conclusion that this criminal history has been over-represented if it is to be used as a predicate for finding the defendant to be a career criminal. The recognition of the sentencing court that a sentence using the career offender numbers would not be "reasonable," that the court could "come off" those guidelines, and the express recognition that 151 months is a "mid-range" sentence, establishes that the sentencing range used by the court for Reed's sentence was the 135 to 168 month range established by 2D1.1 for crack cocaine offenses.  The Government's argument, that reference by the sentencing court to "3553" factors shows that it imposed a sentence that "varies" from the applicable career criminal range of 262 to 327 months is not at all convincing.  In fact, it is, rather, consistent with the concept that 3553 factors are also used by courts when a specific sentence (151 months) is selected <u>within</u> a sentencing range (135 to 168 months).

Upon consideration of the sentencing hearing colloquy, this Court finds that the sentence in Reed's case was based on a sentencing range of 135 to 168 months, derived from a criminal history category of III, and a BOL of 31 as provided by U.S.S.G. § 2D1.1.  As a further consequence, the Court finds that Reed's sentence was based on a sentencing guidelines which has now been reduced by the Commission.

//

//

**IV.  CONCLUSION**

For the reason stated herein, the Court GRANTS the motion. It is the decision of the Court that Reed is to be re-sentenced to a mid-range sentence of 127 months in prison pursuant to the newly amended guideline range applicable to his crack cocaine offense – BOL 29, Criminal History Category III, which carries a range of 108 to 138 months in prison, recognizing that, because of the 10 year mandatory minimum, the effective sentencing range would be 120 to 135 months.

DATE: December 21, 2009

_____
D. Lowell Jensen
United States District Judge